UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Glenn Kevin Hazley, | Case No. 24-cv-2169 (NEB/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hennepin County Medical Center, et al., | |
| Defendants. | |

Plaintiff Glenn Kevin Hazley has initiated this federal lawsuit claiming that the defendants failed to take any steps to protect him from COVID-19 when he was booked into the Hennepin County Jail (HCJ) in November 2019. Dkt. No. [1]. Hazley, a prisoner, has paid the initial partial filing fee this Court previously calculated. Hazley's Complaint, Dkt. No. [1], and *in forma pauperis* (IFP) application, Dkt. No. [2], are therefore now before the Court for preservice review pursuant to 28 U.S.C. § 1915A(a). Pursuant to that review, this Court recommends that Hazley's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

Hazley says that when he was booked into the HCJ in November 2019, staff housed him in the same cell as someone infected with COVID-19. According to Hazley, he also became infected with the virus and suffered (and continues to suffer) physical harm, including loss of taste and smell and severe fatigue.

Hazley contends that Dave Hutchinson, who was Hennepin County Sheriff at the time, should have implemented procedures to protect employees and detainees from

becoming infected with—and spreading—the disease. Further, Hazley asserts that the Classification/Housing Officer (name unknown) should have been instructed not to house inmates who were infected with COVID-19 in the same cells as inmates who were not infected with the virus. Hazley also claims that the sergeant on duty at the "City Hall Jail" (name unknown) should have required staff to learn about and then follow "CDC guidelines" to prevent the exposure and spread of COVID-19. Finally, Hazley contends that the medical staff (names unknown) should have been trained to test inmates for the virus. Hazley requests monetary damages.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A—a part of the Prison Litigation Reform Act (PLRA)—the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a "pro se complaint must be liberally construed," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), pro se plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible or their complaint must be dismissed," *Twombly*, 550 U.S. at 569-70.

**LEGAL ANALYSIS**

Hazley asserts a violation of the Eighth Amendment prohibition against cruel and unusual punishment pursuant to 42 U.S.C. § 1983. "In order to prevail on a § 1983 claim, the plaintiff must show that the defendant caused the deprivation of a federal right while operating under color of state law." *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005). There are several problems with Hazley's claims.

As a threshold matter, liability in a § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). Put differently, "government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Here, Hazley offers no facts to suggest that Defendant Dave Hutchinson, the former Hennepin County Sheriff, was directly involved in the decision to house him in the same cell as an inmate infected with the COVID-19 virus. Further, respondeat superior—the theory that a supervisor is responsible for the torts of his subordinates—is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Kulow v. Nix*, 28 F.3d 855, 858 (8th Cir. 1994)). Instead, a supervisor is liable under § 1983 on a theory of "failure to supervise or train," "when their corrective inaction amounts to 'deliberate indifference' to or 'tacit authorization' of the violative practices.'" *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994).

In this case, however, Hazley asserts no facts suggesting that Defendant Hutchinson was even aware that Hazley was housed in a cell with someone infected with

COVID-19. Thus, Hazley's individual capacity claims against Defendant Hutchinson fail as a matter of law.

Second, as previously cautioned, it is well-established that a jail, such as the Hennepin County Detention Center, is not an entity amenable to suit under § 1983. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). Thus, Hazley's claims against the Hennepin County Jail should likewise be dismissed.

Finally, and more to the point, Hazley's constitutional claim fails as a matter of law. Whether Hazley was a pretrial detainee or convicted prisoner at the time of the events giving rise to his claims is irrelevant for this Court analysis—the Eighth Amendment "deliberate indifference" standard applies to "failure to protect" claims such as this one regardless of the prisoner's status. *See, e.g.*, *Holden v. Hirner*, 663 F.3d 336, 341 n.3 (8th Cir. 2011). Under this standard, a plaintiff must first show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 341 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, the plaintiff "must establish that prison officials were deliberately indifferent to inmate health or safety." *Id*. "This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id*.

Here, this Court previously cautioned Hazley that his Complaint, as pleaded, failed to plausibly allege that the defendants housed him in the same cell as an inmate who was infected with COVID-19, knowing that the other inmate was infected with COVID-19, or that the defendants were aware in November 2019 of the potential consequences of placing an inmate who was not infected with COVID-19 in the same cell as an inmate who had the virus. Dkt. No. [3]. Hazley did not heed that caution. Instead, Hazley filed a

4

supplement with the Court clarifying that he was naming the defendants in their individual and official capacities and, relevant here, explained that "[he] can and will prove that Defendants knew of and disregarded an excessive risk to [his] health and safety suffering physical harm as a result." Dkt. No. [4]. While the Court considers both Hazley's Complaint and supplement in construing his claims, *see Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999), Hazley nevertheless fails to plausibly assert that any of the defendants acted with deliberate indifference towards his health and safety.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, to state a claim for relief, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Sanders*, 199 F.3d 968, 973 (8th Cir. 1999)). "Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F.Supp.2d 1151, 1152 (D. Minn. 2011).

Hazley asserts that the defendants were "deliberately indifferent to" and "disregarded" a known risk to him when they housed him in the same cell as someone infected with COVID-19. But these assertions are simply conclusory. As such, this Court disregards them in considering whether he has pleaded a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a

plausible claim for relief). In setting these conclusory allegations aside, Hazley asserts no facts establishing that *any* of the defendants were aware that he was placed in a cell with an inmate who was infected with COVID-19.

Further, there are no allegations that any of the defendants were aware that placing Hazley (as someone who did not have COVID-19) in the same cell as someone who was infected with the virus could result in harm to Hazley. Notably, Minnesota Governor Tim Walz did not declare a peacetime emergency in response to the COVID-19 pandemic until March 13, 2020, months after Plaintiff says that he was booked into the HCJ and housed with someone infected with COVID-19. *See* Emer. Exec. Order No. 20-01, *Declaring a Peacetime Emergency and Coordinating Minnesota's Strategy to Protect Minnesotans from COVID-19* (Mar. 13, 2020), available at https://mn.gov/governor/newsroom/executive-orders/ (last visited July 9, 2024). Indeed, health officials did not confirm the first case of COVID-19 in Minnesota until March 6, 2020, again, months before Hazley was booked into the HCJ. *See Officials Confirm First Case of Novel Coronavirus in Minnesota*, News Release, Mar. 6, 2020, *available at* https://www.health.state.mn.us/news/pressrel/2020/covid19030620.html (last visited July 9, 2024). Thus, even though Hazley clarifies that he is suing the defendants in their individual and official capacities, Hazley's constitutional claim fails because he has failed to establish any facts suggesting that any of the individual defendants were aware of, let alone deliberately indifferent to, his exposure to the COVID-19 virus.

Finally, to the extent that Hazley asserts that the defendants are liable in their official capacity, "[o]fficial-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by the government's policy or custom, whether made by its

6

lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (quoting *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006)). "Although there must be an unconstitutional act by a municipal employee before a municipality can be held liable, there need not be a finding that a municipal employee is liable in his or her individual capacity." *Webb v. City of Maplewood*, 889 F.3d 483, 487 (8th Cir. 2018) (internal quotations and citations omitted). Here, Hazley has failed to establish a plausible constitutional violation. Thus, Hazley's official capacity claims should similarly fail. Hazley's Complaint, therefore, should be dismissed without prejudice.

## REPORT AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Plaintiff Glenn Kevin Hazley's Complaint, Dkt. No. [1], be **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's *In Forma Pauperis* (IFP) Application, Dkt. No. [2], be **DENIED as MOOT**.

3. Plaintiff should be required to pay the unpaid balance of this action's statutory filing fee – $318.00 – in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court should be required to provide notice of this requirement to the authorities at the institution where Hazley is confined.

Dated: July 9, 2024                    ___s/David T. Schultz___
                                       DAVID T. SCHULTZ
                                       U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  See Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).